## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DELVIN D. NEAL**                                                                       **PETITIONER**

**V.**                              **CASE NO.  4:21CV01185 JM-JTR**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                   **RESPONDENT**

### RESPONSE TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now Respondent, Dexter Payne, Director, Arkansas Department of Correction, by and through counsel, Tim Griffin, Attorney General, and Kent G. Holt, Assistant Attorney General, and submits his response to Neal's objections to the magistrate judge's recommended disposition, Doc. #10, recommending that his habeas petition be denied and dismissed, and that no certificate of appealability issue. *Id*. at 12.

Neal concedes that his objections are merely a reiteration of the claims made in his habeas petition.  Doc. #15, at 2.  He claims that the magistrate judge erred in all his determinations: (1) that the Arkansas Court of Appeals's decision was due deference under 28 U.S.C. § 2254(d); and, (2) that his failure to file a Rule 37 Petition raising claims of ineffective assistance of trial and appellate counsel was excused under *Martinez v. Ryan*, 566 U.S. 1 (2012).  He is wrong.

As to his first objection, Neal complains that the magistrate judge's findings "are not based on a full and fair objective review of the state court record." *Id*. at 6.  However, Neal himself has only listed selected excerpts from his questioning by Officers Michel and Slaughter.  *Id*. at 4-5.  As the magistrate judge noted, the court of appeals took pains to properly consider the totality of the circumstances, and it concluded that "there was enough contradiction within the statements by the officers to conclude that they were ambiguous."  Doc. #10, at 7 (quoting *Neal*, 2020 Ark. App. 417, at *5, 2020 WL 5651069, **2).

The Arkansas Court of Appeals reviewed the record transcript that included the suppression hearing and trial (Respondent's Exhibit B); the abstract of the record and briefs of the parties (Respondent's Exhibits C and D); and, a verbatim transcript of the interrogation itself.[1]  As noted by the magistrate judge, "[b]ecause the Court of Appeals properly considered the voluntariness of Neal's statement under the totality of the circumstances, *Neal*, 202 Ark. App. 417, *3-6, 2020 WL 5651069, **2-3, the state court decision did not unreasonably apply clearly established federal law."  Doc. #10, at 8.  The magistrate judge's citation to both

---

[1] The Arkansas Court of Appeals initially remanded the case in order to supplement the record with a verbatim transcript of the interrogation itself.  Respondent inadvertently omitted this from the exhibits, and it is attached to this pleading as **Respondent's Exhibit F**, should the Court want to review it as well.  The magistrate judge based its decision on its review of the suppression hearing and trial record, which, in any event, demonstrated that Neal was not induced by any false promises of leniency.  Doc. #10, at 8.

the suppression hearing record and the trial record bore out this conclusion. Moreover, the magistrate judge also correctly held that Neal failed to demonstrate that "any constitutional error had a 'substantial and injurious effect or influence' on the verdict." Doc. #10, at 9, quoting citing *Brecht v. Abrahamson*, 607 U.S. 619, 637 (1993). Relief on this point should be denied.

Next, Neal again argues that the procedural default of both his trial-counsel and appellate-counsel ineffective-assistance-of-counsel claims is excused under the United States Supreme Court's holding in *Martinez v. Ryan*, 566 U.S. 1 (2012). As he did in his petition, Neal cites *Castillo v. Hobbs*, No. 5:14-cv-00368 JM/BD (E.D. Ark. 2020), where the magistrate judge found that the *Martinez* exception applied because "the trial judge's specific instruction [to Castillo was] that he could not file a Rule 37 petition[.]" *Id*. at 6. Neal has failed to demonstrate that his case is similar to Castillo's case in that he was not instructed by the trial judge that he could not file a Rule 37 petition. Neal simply did not file one.

Neal also cites *Love v. Payne*, No. 5:19-CV-252-DPM, 2020 WL 4508239, at *1 (E.D. Ark. Aug. 5, 2020), where the district court made the observation that "there is no binding precedent" regarding the failure to initiate a Rule 37 petition. *Id*. However, the district court adopted the recommendation of the magistrate judge, which pointed out that, in cases without Castillo's special circumstances, *Martinez* has been held to be inapplicable when a *pro se* collateral-review petition

3

is filed outside of jurisdictional time limits.  *Love v. Kelley*, No. 519CV00252DPMJJV, 2020 WL 4516846, at *5 (E.D. Ark. Apr. 6, 2020), *report and recommendation adopted sub nom.  Love v. Payne*, No. 5:19-CV-252-DPM, 2020 WL 4508239 (E.D. Ark. Aug. 5, 2020).  Indeed, "[f]ederal district courts in Arkansas have consistently held that a habeas petitioner ... must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on *Martinez* to excuse his procedural default."  *Joshlin v. Payne*, No. 323CV00039DPMPSH, 2023 WL 5025047, at *3 (E.D. Ark. June 1, 2023), *report and recommendation adopted*, No. 3:23-CV-39-DPM, 2023 WL 5016645 (E.D. Ark. Aug. 7, 2023) (quoting *Lane v. Kelley*, 2017 WL 5473925 at 4).  Neal's objections seeking to excuse his procedural default should be rejected.

In any event, as the magistrate judge pointed out, even if the equitable exception applies to Neal's ineffective assistance of trial counsel claim, his claim is not substantial.  *Neal v. Payne*, No. 4:21-cv-1185, Recommended Disposition, Doc. # 10, at 11.  In that regard, Neal gives no indication how he would improve upon the argument made at the close of the state's case that it had failed to prove constructive possession.  *See* Respondent's Exhibit B, at 370.

The magistrate judge also correctly rejected Neal's claim of ineffective assistance of appellate counsel based on *Davila v. Davis*, 582 U.S. 521 (2017),

where the United States Supreme Court declined to extend the equitable exception

beyond procedurally defaulted ineffectiveness of trial counsel claims. *Id*. at 11.

WHEREFORE, Respondent respectfully requests the District Court to

accept the recommendations of the magistrate judge and reject Neal's objections.

Respectfully submitted,

TIM GRIFFIN
Attorney General


BY:  KENT G. HOLT
Arkansas Bar No.  86090
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 7220l
(501) 682-5322 [phone]
(50l) 682-2083 [fax]
kent.holt@arkansasag.gov

**ATTORNEYS FOR RESPONDENT**